UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
OSCAR P. CASHABAMBA, individually and on behalf of all others similarly situated,

                      Plaintiff,

-against-

USA INTERIORS LLC, and OSCAR A. RUIZ, as an individual,

                      Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

1. Plaintiff, **OSCAR P. CASHABAMBA**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, **OSCAR P. CASHABAMBA**, individually and on behalf of all others similarly situated, through undersigned counsel, bring this action against **USA INTERIORS LLC, and OSCAR A. RUIZ, as an individual** (collectively, hereinafter the "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants at USA INTERIORS LLC located at 176 Kansas St., Hackensack, NJ 07601.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff OSCAR P. CASHABAMBA residing in Queens, NY 11368 was employed by Defendants from in or around October 2015 until in or around May 2019.

9. Upon information and belief, Defendant, USA INTERIORS LLC, is a corporation organized under the laws of New Jersey with a principal office located at 176 Kansas St., Hackensack, NJ 07601.

10. Upon information and belief, Defendant USA INTERIORS LLC, is a corporation authorized to conduct and transact business under the laws of the state of New York.

11. Upon information and belief, Defendant OSCAR A. RUIZ is the manager and supervisor at USA INTERIORS LLC.

12. Defendant OSCAR A. RUIZ is the individual responsible for daily operations of USA INTERIORS LLC.

13. Defendant OSCAR A. RUIZ has the final power over all personnel decisions at USA INTERIORS LLC.

14. Defendant OSCAR A. RUIZ has the power over all final payroll decisions at the Corporate Defendants.

15. Defendant OSCAR A. RUIZ has the power to hire and fire employees of the Corporate Defendants, including the Plaintiff, establish and pay their wages, set their work schedule, and maintains their employment records.

16. Defendant OSCAR A. RUIZ would supervise each job site that the Plaintiff worked on during his employment and would instruct Plaintiff which tasks to perform, how to perform them and when to perform them.
17. Defendant OSCAR A. RUIZ was responsible for physically handing the Plaintiff his pay every 15 days.
18. During all relevant times herein, Defendant OSCAR A. RUIZ was Plaintiff's employer within the meaning of the FLSA and NYLL.
19. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that USA INTERIORS LLC (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## RELEVANT STATUTORY PERIOD

20. Under the FLSA and NYLL, Plaintiff's federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. This Complaint was filed in April 2022. As such, the relevant statutory period for Plaintiff's claims asserted herein encompasses the entirety of the period spanning April 2016 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS

21. Plaintiff was employed by Defendants at USA INTERIORS LLC., as a construction worker while performing related miscellaneous duties for the Defendants from in or around October 2015 until in or around May 2019.
22. During the relevant statutory period, Plaintiff worked for the Defendants at or around three job sites, including the following: 1) a construction site located at Manhattan,

New York from in or around April 2016 until in or around October 2016; 2) a construction site located at Hoboken, New Jersey from in or around October 2016 until in or around May 2017 and, 3) a construction site near Vesey Street and West Street in Manhattan, New York from in or around May 2017 until in or around May 2019.

23. During the relevant statutory period, Plaintiff regularly worked five (5) to six (6) days per week.

24. Plaintiff regularly worked Monday through Friday, but also worked on Saturdays approximately twice per month.

25. During the relevant statutory period, Plaintiff regularly worked a schedule of shifts from Monday through Friday. His shifts would begin approximately 6:30 a.m. Approximately three days per week, the shifts would end at approximately 4:00 p.m. to 5:00 p.m. three (3). Approximately two days per week, the shifts would end at approximately 7:00 p.m. to 8:00 p.m.

26. During the relevant statutory period when the Plaintiff was required to work on Saturdays, Plaintiff would work from approximately 7:00 a.m. until approximately 5:00 pm.

27. Thus, when Plaintiff worked five days per week, he was regularly required to work approximately fifty-six (56) or more hours each week during the relevant statutory period.

28. When Plaintiff worked six days per week, he was regularly required to work approximately sixty-six (66) hours or more hours each week during the relevant statutory period.

29. As a result, on average, Plaintiff regularly worked approximately sixty-one (61) hours per week during the relevant statutory period.

30. During the relevant statutory period, Plaintiff was paid by Defendants a flat hourly rate of approximately $21.00 per hour without regard for all hours worked.

31. Although Plaintiff regularly worked in excess of forty hours per week and, on average, sixty-eight and a half (63.5) hours per week, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours worked over forty (40) in

4

a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

32. Additionally, Defendants paid Plaintiff OSCAR P. CASHABAMBA on a bi-weekly basis (or every 15 days) during the relevant statutory period, failing to timely pay Plaintiff for his first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

33. Plaintiff, whose primary duties were manual labor, was not timely compensated per workweek as required by law.

34. Furthermore, the Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

35. Furthermore, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

36. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

**COLLECTIVE ACTION ALLEGATIONS**

37. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

38. Collective Class: All persons who are or have been employed by the Defendants as construction workers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

39. Upon information and belief, Defendants employed approximately 40 to 50 employees within the past three years subjected to similar payment structures.

40. Upon information and belief, Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

41. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

42. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class regularly performed work requiring overtime pay.

43. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff, and the Collective Class.

44. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

45. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

46. The claims of Plaintiffs are typical of the claims of the putative class.

47. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

48. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

49. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

50. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

51. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.
52. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
53. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
54. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiff.
55. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

56. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
57. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.
58. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.
59. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as

reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
**Violation of Frequency of Pay Under New Yor Labor Law**

60. Plaintiff re-alleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

61. Defendants willfully violated the rights of Plaintiff by failing to pay his wages owed on a weekly basis in which his wages were earned, in violation of New York Labor Law § 191.

62. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

63. Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

### FOURTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants failed to provide Plaintiff with a written notice, in English, and in Spanish (Plaintiff's primary language), of his applicable regular rate of pay, regular pay day, and all such other information as required by NYLL §195(1).

66. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

67. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
68. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3)
69. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff's unpaid overtime wages;
c. Awarding Plaintiff's unpaid wages for Defendants' failure to timely pay Plaintiff's wages;
d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
e. Awarding Plaintiff prejudgment and post-judgment interest;
f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and
g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated: April 25, 2022
       Kew Gardens, NY

 

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OSCAR P. CASHABAMBA, individually and on behalf of all others similarly situated,

        Plaintiff,

-against-

USA INTERIORS LLC and OSCAR A. RUIZ, as an individual,

        Defendants.

## COLLECTIVE ACTION COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**USA INTERIORS LLC**
176 Kansas St., Hackensack, NJ 07601

**OSCAR A. RUIZ**
176 Kansas St., Hackensack, NJ 07601

11